# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY G. MCMANNIS, | ) | CASE NO:   5:07-cv-255 |
| | ) | |
| Petitioner, | ) | JUDGE OLIVER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| MICHELE EBERLIN, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner, Larry G. McMannis ("McMannis"), challenges the constitutionality of his conviction in the case of *State v. McMannis*, Case No. 01-CR-554.  McMannis, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 30, 2007 in the United States District Court for the Northern District of Ohio.  (Doc. No. 1.)  On July 2, 2007, Respondent filed a Motion to Dismiss in which he argues that McMannis' Petition is both moot and time-barred.  (Doc. No. 13.)  McMannis did not file a memorandum in opposition.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For the reasons set forth below, the Magistrate Judge recommends that the Petition (Doc. No. 1) be **DISMISSED.**

## I. Procedural History

**A. Conviction**

On December 23, 1999, the Stark County Grand Jury indicted McMannis for operating a motor vehicle while under the influence of alcohol and while having three or more prior convictions for driving under the influence, a violation of Ohio Rev. Code § 4511.19(A)(1). (Doc. No. 13-3, Ex. 1.)  On February 10, 2000, McMannis pled guilty and was sentenced to twelve months incarceration and suspension of his driver's license for a period of five years. (Doc. 13-3, Ex. 2.)  The court ordered that McMannis be referred to the Stark Regional Community Correctional Center ("SRCCC") when a bed became available and that he complete a residential treatment program recommended by the institution.  The court further ordered McMannis to serve sixty consecutive days of incarceration, but suspended the remainder of the sentence upon successful completion of the treatment program.  (Doc. No. 13-3, Ex. 2; Doc. No. 13-5, Ex. 16.)

In a judgment entry filed May 19, 2000, the court modified McMannis's sentence to three years community control.  (Doc. No. 13-3, Ex. 3.)  The court informed McMannis that a violation of any condition of probation would lead to a more restrictive sanction including a prison term of up to eighteen months.  (Doc. No. 13-3, Ex. 3.)

On May 15, 2002, McMannis's probation officer moved to modify or revoke his probation because McMannis violated the conditions of probation by consuming alcohol and driving a motor vehicle while under the influence of alcohol.  (Do. No. 13-3, Ex. 4.)  On May 20, 2002, the court revoked community control sanctions and sentenced McMannis to twelve months incarceration.  (Doc. No. 13-3, Ex. 5.)  The entry was filed May 22, 2002, but corrected *nunc pro*

2

*tunc* on November 1, 2005. (Doc. No. 13-3, Ex. 5; Doc. No. 13-5, Ex. 17.)

### B. Delayed Direct Appeal

On January 17, 2006, McMannis, *pro se*, filed a notice of appeal and a motion for delayed appeal to the Ohio Court of Appeals, the Fifth Appellate District, Stark County, Ohio ("state appellate court"). (Doc. No. 13-3, Ex. 6-7.) On February 21, 2006, the court granted a motion to dismiss filed by the state and denied McMannis's motion for a delayed appeal. (Doc. No. 13-3, Ex. 9.) McMannis did not appeal to Supreme Court of Ohio.

### C. Application to Reopen

On April 3, 2006, McMannis, *pro se*, filed an application to reopen the appeal. (Doc. No. 13-3, Ex. 10.) On May 16, 2006, the state appellate court denied the application to reopen because McMannis had not perfected an appeal as of right from the May 20, 2002 judgment. (Doc. No. 13-4, Ex. 11.) McMannis did not appeal to the Supreme Court of Ohio.

### D. State Habeas Corpus

On September 6, 2006, McMannis, *pro se*, filed an application for a writ of habeas corpus in the Supreme Court of Ohio. (Doc. No. 13-4, Ex. 12.) For reasons that are not clear, on September 8, 2006, McMannis filed another application for writ of habeas corpus in the Supreme Court of Ohio. McMannis asserted the following claims:

1. Denial of effective assistance of counsel; counsel violated Sixth Amendment right when he failed to raise the issue of lawfulness of the multiple resentencings.

2. The unconstitutional violation of the Fifth Amendment, Double Jeopardy Clause protects against multiple convictions and/or punishments for the same crime as established in the judgment entry dated May 19, 2000 and February 10, 2000.

3. It is a violation of Constitutional Protection against double jeopardy, and

3

>>the trial court committed plain error when it imposed multiple sentences for the same offense using fabricated or unconstitutional convictions.
>
>4. It is plain and reversible error to impose a sentence without the presence of the defendant in violation of the constitutionally protected right of the accused to be present during sentencing.
>
>5. The Court of Common Pleas committed plain error in the unconstitutional resentencing where no statutory authority exists.

(Doc. No. 13-4, Ex. 13.) The Supreme Court of Ohio dismissed the application *sua sponte*.

(Doc. No. 13-4, Ex. 14.)

### E. Federal Habeas Corpus Petition

On January 30, 2007, McMannis, *pro se*, filed the instant Petition, asserting the following three grounds for relief:

>GROUND ONE: Trial Court committed fraud on the court, multiple sentences for same offense using fabricated and unconstitutional convictions.
>
>GROUND TWO: Denial of effective assistance of counsel violated Sixth Amendment rights.
>
>GROUND THREE: Fifth Amendment protects against multiple convictions and/or punishment for same crime, judgment entries Feb. 10, 2000; May 19, 2000; and May 22, 2002.

(Doc. No. 1.)

Respondent has moved to dismiss the Petition on the ground that McMannis' claims are moot and alternatively, barred by the statute of limitations.

### III. Statute of Limitations

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), as McMannis filed the Petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27,

337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Respondent asserts that the Petition is time-barred because it was not filed within the one-year limitations period. Respondent argues that the limitation period began running, under § 2244(d)(1)(A), from the time when Mcmannis's conviction became final at the conclusion of direct review or the expiration of the time for seeking direct review. (Doc. No. 13 at 8.) Respondent's assertions are well-taken. McMannis has not alleged, nor presented any facts to suggest, that he was prevented from filing an application due to a state-created impediment, or that

the factual predicate of his claims could not have been discovered through the exercise of due diligence.  Nor does he assert any claim based on a right that the Supreme Court initially recognized after the expiration of time for McMannis to seek direct review.  Therefore, the limitation period began running at the conclusion of direct review, or the expiration of time for seeking such review.  § 2244(d)(1)(A).

McMannis did not appeal his conviction or sentence to the state appellate court until three and one-half years after he was sentenced.  Because McMannis did not timely file a direct appeal from the sentence imposed on May 20, 2002, his conviction became final on June 21, 2002, the date the thirty-day period for filing a timely appeal to the state appellate court expired.  *See* Ohio R. App. P. 4(A); 28 U.S.C. § 2244(d)(1)(A).  The limitations period began running the following day, June 22, 2002, and expired one year later, on June 22, 2003.  Although McMannis filed a motion for delayed appeal, an application to reopen the appeal, and a state habeas corpus application, none of these filings tolled the limitations period because each one was filed *after* the limitations period had expired.[1]

McMannis has asserted no basis for equitable tolling of the limitations period. Accordingly, the instant Petition, filed more than three years after the statute of limitations expired, should be dismissed.[2]

---

[1] McMannis filed these on January 17, 2006, April 3, 2006, and September 6, 2006, respectively.

[2] Because the Petition is clearly barred by the statute of limitations, the Court need not address Respondent's alternative argument that the Petition is moot.

6

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends the Petition (Doc. No. 1) be **DISMISSED**.

>/s/ *Nancy A. Vecchiarelli*
>Nancy A. Vecchiarelli
>United States Magistrate Judge

Date: August 31, 2007

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**