UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARRY G. MCMANNIS, *Pro Se*, ) | Case No.: 5:07 CV 255 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| MICHELLE EBERLIN, WARDEN, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Petitioner Larry G. McMannis ("McMannis"), *pro se,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on January 30, 2007.  (ECF No. 1.)  Petitioner challenges the constitutionality of his conviction under Ohio Rev. Code § 4511.19(A)(1) for operating a motor vehicle while under the influence of alcohol and while having three or more prior convictions for driving under the influence of alcohol.  (*Id.*)  Respondent Michelle Eberlin ("Respondent") filed a Motion to Dismiss this action on July 2, 2007.  (ECF No. 13.)  For the reasons set forth below, the court adopts the Magistrate Judge's Report and Recommendation ("R&R") and Supplemental R&R and dismisses this action because McMannis's Petition is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1).

The Stark County Court of Common Pleas sentenced McMannis to twelve months incarceration for violating Ohio Rev. Code § 4511.19(A)(1) on May 20, 2002.  A judgment entry

was filed on May 22, 2002, and the judgment entry was corrected *nunc pro tunc* on November 1, 2005. McMannis's January 17, 2006, motion for a delayed appeal was subsequently denied by the state appellate court on February 21, 2006. (ECF No. 1303, Ex. 6, 7, 9.) McMannis's April 3, 2006, application to reopen was also denied by the state appellate court on May 16, 2006, because McMannis had not perfected an appeal as of right from the May 20, 2002 judgment. (ECF No. 13-4, Ex. 11.) Finally, the Ohio Supreme Court dismissed McMannis's September 6 and September 8, 2006, habeas corpus petitions sua sponte on October 16, 2006. (ECF No. 13-4, Ex. 14.)

As discussed above, Petitioner later filed his Petition with the court on January 30, 2007. This case was referred to Magistrate Judge Nancy Vecchiarelli on January 30, 2007, for preparation of a Report and Recommendation. Respondent moved to dismiss the action on July 2, 2007, on the grounds that the Petition is moot and, alternatively, barred by the AEDPA statute of limitations as set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 13.) The Magistrate Judge issued her Report and Recommendation ("R&R") on September 4, 2007. (ECF No. 16.) The Magistrate Judge noted in the R&R that McMannis did not file a memorandum of opposition in response to Respondent's Motion to Dismiss. (*Id.* at 1.) The Magistrate Judge recommended that McMannis's Petition be dismissed, concluding that it was barred by 28 U.S.C. § 2244(d)(1) as a result of McMannis waiting three and one-half years after he was sentenced to appeal his conviction or sentence to the state appellate court. (*Id.* at 5-7.) Specifically, the Magistrate Judge found that:

> Because McMannis did not timely file a direct appeal from the sentence imposed on May 20, 2002, his conviction became final on June 21, 2002, the date the thirty-day period for filing a timely appeal to the state appellate court expired. *See* Ohio R. App. P. 4(a); 28 U.S.C. § 2244(d)(1)(A). The limitations period began running the following day, June 22, 2002, and expired one year later, June 22, 2003. Although McMannis filed a motion for delayed appeal, an application to reopen the appeal, and a state habeas corpus application, none of these filings tolled the limitations period because each one was file *after* the limitations period had expired.

*Id.* at 6.  Since the Petition is clearly barred by the statute of limitations, the Magistrate Judge concluded that the court need not address Respondent's alternative argument that the Petition is moot.  (*Id.* at 6, n.2.)

The Magistrate Judge supplemented the R&R ("Supplemental R&R") on September 6, 2007, based on the discovery that McMannis had filed a memorandum of opposition in response to Respondent's Motion to Dismiss, but the court had not received electronic notification of the response until September 5, 2007.  (ECF No. 18.) After reviewing McMannis's response, the Magistrate Judge noted in the Supplemental R&R that, while McMannis's argument is difficult to discern, he appears to argue that the limitations period began on November 1, 2005, the date of the trial court's *nunc pro tunc* entry correcting its judgment entry of May 20, 2002.  The Magistrate Judge concluded that McMannis's argument was not well-taken as the *nunc pro tunc* entry did not alter the actual sentence imposed upon McMannis on May 20, 2002, but merely altered the entry to correctly reflect the actual sentence.[1]  (*Id.* at 3.)  Consequently, the *nunc pro*

---

[1]  As noted in the Magistrate Judge's R&R, the November 1, 2005 *nunc pro trunc* entry makes two amendments to the original entry.  First, it deletes the following language from the original entry: "It is therefore ordered, adjudged and decreed that the defendant be committed to the Stark County Sheriff's Department, for a term of twelve (12) months *local* incarceration. ..." (ECF No. 13-3, Ex. 5) (emphasis added.) That language is replaced by the following language: "It is therefore ordered, adjudged and decreed that the defendant serve a prison term of (12) months incarceration. ..." (ECF No. 13-5, Ex. 17.)  Secondly, the *nunc pro tunc* entry adds the following provision: "It is further ordered, adjudged and decreed that the defendant shall pay a fine in the amount of $750.00."  (*Id.*)  The Magistrate Judge noted that, to the extent McMannis challenges the imposition of the fine, that claim is not cognizable on habeas review under the plain language of 28 U.S.C. § 2254(a). ("A district court shall entertain an application of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Supplemental R&R at 3, n.1 (further case citations omitted).

*tunc* entry did not restart the statute of limitations, as it had no effect on McMannis's actual sentence or ability to file a timely habeas petition. Accordingly, the Magistrate Judge again concluded in the Supplemental R&R that McMannis's Petition should be dismissed because the Petition is barred by 28 U.S.C. § 2244(d)(1), the AEDPA statute of limitations. (*Id.* at 4.) McMannis filed an Objection to the Supplemental R&R ("Objection") on September 17, 2007, essentially reiterating the same arguments contained in his Petition. (ECF No. 22.)

After carefully reviewing the R&R, the Supplemental R&R, Petitioner's Objection, and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation (ECF Nos. 16, 18) and grants Respondent's Motion to Dismiss the action (ECF No. 13.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 22, 2007